**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 15-74 |
| v. | ) CV 21-1553 |
| | |
| JOSEPH V. MONROE | |

**OPINION AND ORDER**

**SYNOPSIS**

In this matter, Defendant pleaded guilty to violating 18 U.S.C. §§ 1951 (a)(1) and 924 (c)(1)(A)(ii). On January 6, 2021, he was sentenced to a total term of imprisonment of 120 months, followed by a term of supervised release. The present Motion for relief under 28 U.S.C. § 2255 followed. Defendant was afforded notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and did not submit additional materials. The Government responded to the Motion, and it is ripe for review. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

**OPINION**

**I.     APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). The standard of proof in a Section 2255 proceeding is by a preponderance of the evidence. United States v. Ballard, No. 03-810, 2017 U.S. Dist. LEXIS 105766, at *10 n.5 (E.D. Pa. July 7, 2017). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11,

1997). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004).

Further, pro se pleadings are to be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  I have considered Defendant's submissions accordingly. In particular, I have carefully and liberally reviewed all of his properly submitted and allowed amendments and supplements. In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II.     DEFENDANT'S CONTENTIONS

Defendant's contentions surround "misnomers," including a misspelling of his name that appeared on the docket.  Defendant has failed to demonstrate that the errors were, or gave rise to, any error of constitutional magnitude. Throughout these proceedings, Defendant acknowledged the charges against him and his sentencing therefor, while under oath in open court.  "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Otherwise stated, "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, No. 04-1570, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008).  There is no suggestion that would warrant a finding that the errors rose to the level of a constitutional violation, or

caused any prejudice. Likewise, there is no suggestion that a typographical error or the like, any stage of the proceedings, rendered then invalid.

In addition, to the extent that Defendant's contentions implicate a claim for ineffective assistance of counsel, that claim is denied. Such claims are assessed under the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error the result would have been different." <u>Id.</u> at 687-96. Defendant's arguments fail to fulfill either prong of <u>Strickland</u>.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

### CONCLUSION

Defendant has not demonstrated a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. His Motion will be denied. No certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 1/14/22

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 17-54 |
| v. | ) CV 21-1553 |
| | |
| JOSEPH V. MONROE | |

## ORDER

AND NOW, this 14th day of January, 2022, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court